

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2006

# Sampathachar v. Fed Kemper Life

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sampathachar v. Fed Kemper Life" (2006). *2006 Decisions.* Paper 887.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/887

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3433
_____

KAKKADASAN SAMPATHACHAR

v.

FEDERAL KEMPER LIFE ASSURANCE COMPANY,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Juan R. Sanchez
(Civil No. 03-05905)
_____

Argued June 7, 2006
Before: AMBRO, FUENTES, and GREENBERG, Circuit Judges.

(Opinion Filed: June 16, 2006)

Daniel J. Dugan (ARGUED)
Bruce Bellingham

Spector Gadon & Rosen
1635 Market Street, 7th Floor
Seven Penn Center
Philadelphia, PA 19103

ATTORNEYS FOR APPELLEE KAKKADASAN SAMPATHACHAR, M.D.

Bryan D. Bolton (ARGUED)
Michael P. Cunningham
M. David Maloney
Funk & Bolton
36 South Charles Street, 12th Floor
Baltimore, MD 21201

Michael J. Glasheen
McCarter & English
1735 Market Street, Suite 700
Philadelphia, PA 19103

ATTORNEYS FOR APPELLANT FEDERAL KEMPER LIFE ASSURANCE CO.

_____

OPINION

_____


FUENTES, Circuit Judge.

Plaintiff Kakkadasan Sampathachar initiated this action asserting breach of contract and bad faith against defendant Federal Kemper Life Assurance Company when Federal Kemper refused to pay on a life insurance policy following the alleged drowning of plaintiff's wife, Pannathpur Jaylakshmi Sampathachar, in 2001. A jury trial was held,

at which Federal Kemper attempted to establish that Mrs. Sampathachar was not dead. The jury found for plaintiff on the breach of contract claim, and Federal Kemper now appeals, asserting various errors by the District Court at trial. We find no errors meriting a new trial, and we therefore affirm.[1]

## I. BACKGROUND

Because we write only for the parties, our summary of the facts is abbreviated. Plaintiff and his wife immigrated to Philadelphia from India in 1972. In the 1990's, Mrs. Sampathachar developed signs of depression in response to the death of her elderly mother and later the death of a young Indian guru whom she considered her spiritual advisor. Between 1995 and 1999, Mrs. Sampathachar secured $10.5 million in life insurance from seven different insurance companies. Among these was a $1 million policy from Federal Kemper. That policy became incontestable in 1997, so that coverage could not be contested based on suicide or based on false statements in the application. According to Federal Kemper, Mrs. Sampathachar included material lies about her income and net worth in several of the applications for life insurance. In February 1997, the Sampathachars filed for bankruptcy.

In 2001, the Sampathachars moved from Philadelphia back to India. According to

---

[1] This action was originally filed in state court and was removed by the defendant to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441. The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

plaintiff, Mrs. Sampathachar unexpectedly left their home near Bangalore, India at 4:30 in the morning on October 17, 2001, carrying nothing except the clothes she was wearing. Plaintiff reported the disappearance to the police and offered a reward. On October 28, plaintiff was informed by the police that Mrs. Sampathachar had checked into a hotel in Devaprayag, India, a village on the Ganges River about 2500 kilometers from plaintiff's home. Plaintiff's relatives searched for Mrs. Sampathachar in Devaprayag, and when she could not be found, they hired rafters to search for her body in the Ganges River. A partially decomposed female body was discovered, and plaintiff's nephew identified the body as Mrs. Sampathachar. Plaintiff and his brother-in-law then traveled to Devaprayag and also identified the body.

A postmortem examination revealed that the body did not have a uterus, which was consistent with the fact that Mrs. Sampathachar had undergone a hysterectomy. Federal Kemper alleges, however, that the body did have ovaries and fallopian tubes and that there was no hysterectomy scar, and that these facts were not consistent with Mrs. Sampathachar's medical records. Federal Kemper also alleges that the dental information in the postmortem report was not consistent with Mrs. Sampathachar's dental records. Plaintiff had the body cremated following the postmortem examination, and an Indian death certificate was obtained.

Federal Kemper now asserts that the District Court erred in (1) failing to require in the jury instructions and verdict sheet that the jury determine whether the body pulled

4

from Ganges River was in fact Mrs. Sampathachar; (2) refusing to admit at trial tax returns, evidence related to prior bankruptcy proceedings, and financial misstatements by Mrs. Sampathachar in her applications for life insurance; and (3) admitting at trial the death certificate and expert testimony by a forensic dentist.

## III. DISCUSSION

### A. Identity of the Body Pulled From the River

Federal Kemper argues that under Pennsylvania law,[2] the jury instructions and the verdict form used at trial should have required the jury to specifically determine whether the body pulled from the Ganges River was that of Mrs. Sampathachar, rather than simply requiring the jury to determine whether Mrs. Sampathachar was dead.[3] We consider the legal correctness of jury instructions and verdict forms *de novo*. See United States v. Antico, 275 F.3d 245, 255 (3d Cir. 2001); United States v. Stiger, 413 F.3d 1185, 1190 (10th Cir. 2005).

Federal Kemper provides no support for its claim of error in the jury instructions and verdict form. A plaintiff asserting a breach of contract claim under Pennsylvania law must establish three elements: "(1) the existence of a contract, including its essential

[2] The District Court concluded that Pennsylvania law was applicable to this case, and neither party appeals that finding here.

[3] On this point, the verdict form included the following interrogatory: (1) "Do you find by a preponderance of the evidence that Pannathpur Jaylakshmi Sampathachar is dead?" Federal Kemper proposed the following alternative: "Do you find that Kakkadasan Sampathachar has proven by a preponderance of the evidence that the body retrieved from the Ganges River on November 6, 2001 was his wife, Pannathpur Sampathachar?"

terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 225 (3d Cir. 2003) (citation and internal quotation marks omitted). Here, Federal Kemper did not dispute the existence of the contract and the applicable damages were not in question. The central issue at trial, then, was whether Federal Kemper breached its duty under the contract by failing to pay life insurance benefits to the plaintiff. Under the contract, payment was due only upon the death of the insured, and Federal Kemper based its defense on the assertion that Mrs. Sampathachar was not dead. Thus, plaintiff's burden was to prove to the jury by a preponderance of the evidence that Mrs. Sampathachar was dead.[4] This requirement was fully described to the jury in both the jury instructions and the verdict form. The District Court therefore did not err in refusing to require the jury to make a separate finding that the body found in the Ganges River was that of Mrs. Sampathachar.[5]

## B. <u>The District Court's Exclusion of Evidence</u>

Next, Federal Kemper argues that the District Court erred at trial in excluding: (1) evidence of plaintiff's 1997 bankruptcy proceedings; (2) evidence of financial false

---

[4] Under the contract, plaintiff was also required to submit due proof of his wife's death to Federal Kemper, and the District Court separately asked the jury to determine whether this requirement was satisfied. The District Court's interrogatory and jury instructions on this point are not challenged here.

[5] Moreover, given that plaintiff's case at trial rested entirely on evidence that Mrs. Sampathachar drowned in the Ganges River and that the body pulled from the river was hers, we can reasonably assume, based on the jury's verdict, that the jury concluded that the body pulled from the river was in fact Mrs. Sampathachar's body.

6

statements made by Mrs. Sampathachar in her applications to other companies for life insurance; and (3) plaintiff's tax returns for 1997 and 1998, which were partially paid in 2000 and indicated that the Sampathachars were having financial difficulties. This Court reviews a District Court's decision to admit or exclude evidence for abuse of discretion. In re Merritt Logan, Inc., 901 F.2d 349, 359 (3d Cir. 1990).

Under the Federal Rules of Evidence, evidence of a person's acts is not admissible "to prove the character of a person in order to show action in conformity therewith," but may be admissible to prove motive or preparation, or the existence of a plan. Fed. R. Evid. 404(b). Evidence is not admissible unless it is relevant, meaning that it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401, 402. Relevant evidence may be excluded, however, if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Here, the excluded evidence did have some tendency to support Federal Kemper's allegation of a fraudulent scheme, suggesting that the Sampathachars were in financial trouble in the late 1990s and that Mrs. Sampathachar was taking pains to collect life insurance policies while hiding her financial problems. We note initially, however, that the use of bankruptcy evidence to indicate financial difficulties has been disapproved of

7

by some courts. See, e.g., United States v. Bensimon, 172 F.3d 1121, 1129 (9th Cir. 1999); United States v. Reed, 700 F.2d 638, 642-43 (11th Cir. 1983). More significantly, all of the excluded evidence had a significant potential for improperly prejudicing the jury against the plaintiff and Mrs. Sampathachar. Nonetheless, the District Court did permit related evidence, including the number of policies Mrs. Sampathachar applied for and their dollar amounts, and financial information about the Sampathachars for the two years prior to Mrs. Sampathachar's death. We discern no error in regard to the excluded evidence.

Abuse of discretion is a highly deferential standard, under which we will reverse a District Court's finding as to the relative probative and prejudicial value of evidence only where the district court's "analysis and resulting conclusion [is] 'arbitrary or irrational.'" United States v. Universal Rehabilitation Servs., Inc., 205 F.3d 657, 665 (3d Cir. 2000) (citation omitted). That requirement is clearly not met here, and we hold that the District Court did not abuse its discretion in excluding the evidence at issue.

C. **The District Court's Admission of Evidence**

Lastly, Federal Kemper argues that the District Court erred in admitting a death certificate from India, and in allowing the expert testimony of Dr. Linda Himmelberger, a forensic dentist. These admissions are reviewed for abuse of discretion. Merritt Logan, 901 F.2d at 359.

Federal Kemper asserts that the death certificate was not authenticated, as required

8

by the Federal Rule of Evidence. Plaintiff argues that the admission was proper under Rule 901, which provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). That Rule also provides that, as to public records or reports, the admissibility requirement is satisfied by "[e]vidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office . . . is from the public office where items of this nature are kept." Rule 901(b)(7). In May 2004, a deposition was taken in India of Madhav Mewar Guru, who testified that he works in the Devaprayag town area committee, which maintains the official death records for the area. Guru stated that he issued the death certificate for Mrs. Sampathachar according to protocol. He noted that the executive officer is supposed to issue the certificate, but that when the executive officer is not present, he issues the certificate. Based on this evidence, the District Court did not abuse its discretion in admitting the death certificate.

As for the forensic dentist, Dr. Himmelberger testified at trial that a tooth count performed during the post-mortem examination of the body was not reliable, and also stated that there were certain similarities between the teeth in the post-mortem photos and Mrs. Sampathachar's teeth as seen in her dental records. Federal Kemper argues that the District Court should have excluded Dr. Himmelberger's testimony under Federal Rule of Evidence 702. The Supreme Court has interpreted that rule to require the trial court to

9

make a preliminary determination as to proffered expert testimony "whether the reasoning or methodology underlying the testimony is scientifically valid and [] whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993). The District Court determined that Dr. Himmelberger's testimony was admissible under that standard and would be useful to the jury. We conclude that the District Court did not abuse its discretion in this regard.

## IV. CONCLUSION

For the reasons stated above, we affirm the judgment of the District Court.